**Robert S. BAIRD, Appellant,**

v.

**SAM HOUSTON ELECTRIC COOPERATIVE, Appellee.**

**No. 01–81–0643–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 29, 1981.

Rehearing Denied Jan. 14, 1982.

Vinson & Elkins, H. Dixon Montague, Houston, for appellant.

Baker & Botts, Hugh R. Kelly, Houston, for appellee.

Before EVANS, C. J., and PEDEN and DOYLE, JJ.

PER CURIAM.

The appellant has filed a petition asking that this court grant a temporary injunction in order to preserve the courts' jurisdiction over the subject matter of the appeal pending final determination of the case on its merits. The petition for temporary injunction will be denied for want of jurisdiction.

In his petition the appellant alleges: (a) that the appellee has condemned a right-of-way easement 100 feet in width and 379 in length across his property in Walker County for the purpose of constructing a 138 volt electric power transmission line, and that the commencement of construction of such line is imminent; (b) that he applied to the District Court of Walker County for a temporary injunction on the ground that he was not personally served with notice of the condemnation proceeding, and also on the ground that the appellee had not obtained a Certificate of Convenience and Necessity from the Public Utility Commission; (c) that the District Court denied his request for a temporary injunction and that he has perfected an appeal from that ruling; (d) that the construction of the proposed line would entail excavating and clearing trees and other vegetation on the land and would destroy a heavily wooded area of his property; and (e) that this, in effect, would destroy the subject matter of his appeal and result in the loss of this court's jurisdiction over the subject matter of the appeal.

Once this court acquires jurisdiction of a cause, whether by appeal or by the exercise of its original jurisdiction, it may issue writs of injunction as may be necessary to protect or enforce that jurisdiction. *City of Houston v. City of Palestine*, 114 Tex. 306, 267 S.W. 663 (1924). This power, however, is limited generally to preserving the status quo, and to the protection of the subject matter in order that the case will not become moot. *Sobel v. City of Lacy Lakeview*, 462 S.W.2d 344 (Tex.Civ.App.— Waco 1971, no writ). The power of this court does not extend to the granting of an injunction solely to prevent damage to one of the parties pending determination of the appeal. *Lee v. Lee*, 355 S.W.2d 255 (Tex. Civ.App.—Houston 1962, mandamus overruled).

It is clear that Courts of Civil Appeals have no original jurisdiction to grant writs of injunction, except to prevent the invasion of their jurisdiction over the subject-matter of a pending appeal, or to prevent an unlawful interference with the enforcement of their judgments and decrees. This court cannot grant a temporary writ of injunction for the purpose

of preventing damages that would otherwise flow to a litigant who has a pending appeal in this court. That power rests exclusively with the district judge. In the instant case, if the effect of the refusal of the district court to continue in force the temporary restraining order theretofore granted would result only in damages or inconvenience to appellants, leaving the subject-matter of the appeal in such a condition that the judgment of this court could effectively operate thereon, then this court would be without jurisdiction to grant such relief, because its jurisdiction over the subject-matter of the appeal would not be invaded.

*Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ.App. Dallas 1931, writ ref'd).

In *Yturria Town and Improvement Company v. Hidalgo County*, 114 S.W.2d 917 (Tex.Civ.App.—San Antonio 1938, no writ), the plaintiff's application for temporary injunction was denied by the trial court and it filed an original application in the appellate court seeking an injunction, pending the appeal, to prevent the county from opening a road through its pasture. The plaintiff alleged that opening the road would expose its cattle to tick infestation and subject them to quarantine, and that this, in effect, would destroy the subject matter of the suit, so that the questions before the appellate court would become moot. The Dallas Court of Civil Appeals held that the opening of such roadway did not constitute any threat of removal or destruction "of the land" in issue and that regardless of whether the appellate court disposed of the appeal by awarding exclusive use of the land to the plaintiff or burdened it with the easement claimed by the county, the judgment so rendered might be enforced without regard to the conduct of the parties during the pendency of the appeal. The court held that the validity of the trial court's action in denying the temporary injunction was a matter to be settled by the court in the exercise of its appellate jurisdiction, and if the relief sought by the plaintiff was granted it would amount to an advance determination of the merits of the appeal in an original proceeding. The court, at page 918, stated:

Clearly, such procedure is quite beyond the power of an appellate court since the relief sought is not in aid of jurisdiction, as has been shown, but is, simply, and only, the relief sought and denied below. *Shelton v. The City of Abilene*, Tex.Civ. App., 75 S.W.2d 934; *City of Farmersville v. Texas-La. Power Co.*, Tex.Civ.App., 33 S.W.2d 271.

 In the case at bar the appellant's petition does not allege that the land in question is so unique or unusual that the proposed clearing of the powerline easement would result in a destruction of the subject matter of the appeal. In the absence of some showing that the appeal would be rendered moot by the appellee's conduct during the pendency of the appeal, this court is not authorized to grant injunctive relief.

The petition for temporary injunction is denied for want of jurisdiction.