ACCEPTED
03-15-00285-CV
5846601
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/26/2015 3:32:15 PM
JEFFREY D. KYLE
CLERK

**CAUSE NO. 03-15-00285-CV**

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/26/2015 3:32:15 PM
JEFFREY D. KYLE
Clerk

**VOLKSWAGEN GROUP OF AMERICA, INC. AND AUDI OF AMERICA, INC. OF TEXAS**
*Appellants,*

**v.**

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF ADMINISTRATIVE HEARINGS**
*Appellees.*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Honorable Amy Clark Meachum, Presiding Judge

**APPELLEES O'MALLEY AND WILKOV'S RESPONSE TO APPELLANTS' VERIFIED MOTION FOR TEMPORARY RELIEF**

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SHELLEY DAHLBERG
Associate Deputy Attorney General for
Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

KIMBERLY L. FUCHS
State Bar No. 24044140
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167

ATTORNEYS FOR APPELLEES, THE
HONORABLE MICHAEL J. O'MALLEY AND
THE HONORABLE PENNY A. WILKOV

June 26, 2015

## IDENTITY OF PARTIES AND COUNSEL

| APPELLANTS: | COUNSEL: |
|---|---|
| Volkswagen Group of America, Inc., and Audi of America, Inc. | S. SHAWN STEPHENS<br>Texas Bar No. 19160060<br>JAMES P. SULLIVAN<br>Texas Bar No. 24070702<br>King & Spalding LLP<br>1100 Louisiana, Suite 4000<br>Houston, Texas 77002<br>Telephone: (713) 751-3200<br>Facsimile: (713) 751-3290<br>sstephens@kslaw.com<br>jsullivan@kslaw.com<br><br>BILLY M. DONLEY<br>Texas Bar No. 05977085<br>MARK E. SMITH<br>Texas Bar No. 24070639<br>Baker & Hostetler LLP<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Telephone: (713) 751-1600<br>Facsimile: (713) 751-1717<br>bdonley@bakerlaw.com<br>mesmith@bakerlaw.com |

| APPELLEE: | COUNSEL: |
|---|---|
| John Walker, III<br>in his official capacity as<br>Chairman of the Texas Department of<br>Motor Vehicles Board | DENNIS McKINNEY<br>State Bar No. 13719300<br>Assistant Attorney General<br>Administrative Law Division<br>Office of the Attorney General of Texas<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Telephone: (512) 475-4020<br>Facsimile: (512) 320-0167<br>dennis.mckinney@texasattorneygeneral.gov |

**APPELLEES:**

**COUNSEL:**

The Honorable Michael J. O'Malley
and The Honorable Penny A. Wilkov,
in their official capacities as
Administrative Law Judges for the State
Office of Administrative Hearings

KIMBERLY L. FUCHS
State Bar No. 24044140
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

**APPELLEES:**

**COUNSEL:**

Budget Leasing, Inc. d/b/a
Audi North Austin and
Audi South Austin

WM. R. CROCKER
State Bar No. 5091000
Attorney at Law
807 Brazos, Ste 1014
Austin, Texas 78701
P.O. Box 1418
Austin, Texas 78767
Telephone: (512) 478-5611
Facsimile: (512) 474-2540
crockerlaw@earthlink.net

**APPELLEES:**

**COUNSEL:**

Ricardo M. Weitz, Hi Tech Imports
North, LLC, Hi Tech Imports South,
LLC, and Hi Tech Imports, LLC

J. BRUCE BENNETT
State Bar No. 02145500
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: (512) 322-0011
Facsimile: (512) 322-0808
jbb.chblaw@sbcglobal.net

and

iii

**COUNSEL:**

JOSEPH W. LETZER
State Bar No. 24030763
DENT M. MORTON
State Bar No. 24056645
Burr & Forman, LLP
420 20TH Street N, Suite 3400
Birmingham, AL 35203-5210
Telephone: (205) 251-3000
Facsimile:  (205) 458-5100
jletzer@burr.com
dmorton@burr.com

## REFERENCE TO THE PARTIES

Appellants, Volkswagen Group of America, Inc. and Audi Group of America, Inc., will be referred to as "Audi."  Appellee John Walker III will be referred to as "Walker." Appellee Budget Leasing and Appellees Ricardo M. Weitz, Hi Tech Imports North, LLC, Hi Tech Imports South, LLC, and Hi Tech Imports, LLC, will be referred to collectively as "Intervenors."  Appellees Michael J. O'Malley and Penny A. Wilkov will be referred to as "SOAH ALJs."

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

REFERENCE TO THE PARTIES ......................................................... iv

TABLE OF CONTENTS ......................................................... v

INTRODUCTION ......................................................... 1

ARGUMENT ......................................................... 2

A.     TRAP 29.3 is inapplicable to this case. ......................................................... 2

B.     The Court's power to issue a Writ of Injunction is circumscribed by the Texas Constitution. ......................................................... 3

C.     Audi has little realistic chance of prevailing in its underlying case because its *ultra vires* claims against the SOAH ALJs are meritless. ......................................................... 6

CONCLUSION AND PRAYER ......................................................... 11

CERTIFICATE OF COMPLIANCE ......................................................... 12

CERTIFICATE OF SERVICE ......................................................... 12

# INDEX OF AUTHORITIES

## CASES

*Andrade v. NAACP of Austin*,
345 S.W.3d 1 (Tex. 2011)............................................................................................9

*Baird v. Sam Houston Elec. Coop*, 627 S.W.2d 732
(Tex. App.—Houston [1st Dist.] 1981, no writ)........................................................6

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009).....................................................................................5, 7

*Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.*,
294 S.W.3d 276 (Tex. App.—Austin 2009, no pet.).................................................9

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*,
307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.)...............................................10

*Foster v. Tex. Dep't of Criminal Justice*,
344 S.W.3d 543 (Tex. App.—Austin 2011, pet. denied) .......................................10

*Hendee v. Dewhurst*,
228 S.W.3d 354 (Tex. App.—Austin 2007, pet. denied) .........................................9

*KEM Tex., Ltd. v. Tex. Dep't of Transp*.,
No. 03-08-00468-CV, 2009 WL 1811102
(Tex. App.—Austin Jun. 26, 2009, no pet.)..............................................................9

*Klumb v. Houston Mun. Emps. Pension Sys.*,
405 S.W.3d 204  (Tex. App.—Houston [1st Dist.] 2013);
*aff'd*, 458 S.W.3d 1 (Tex. 2015) ..............................................................................10

*Madison v. Martinez*,
42 S.W.2d 84 (Tex. Civ. App.—Dallas 1931, writ ref'd) .......................................3

*Mote Res. Inc. v. R.R. Comm'n of Tex.*,
618 S.W.2d 877 (Tex. Civ. App.—Austin 1981, no writ)...........................................5


*N. Alamo Water Supply Corp. v. Tex. Dep't of Health*,
839 S.W.2d 455 (Tex. App.—Austin 1992, writ denied)...........................................9


*State v. Sledge*,
36 S.W.3d 152 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ........................8


*Sw. Pharmacy Solutions, Inc. v. Tex. Health and Human Servs. Comm'n*,
408 S.W.3d 549 (Tex. App.—Austin 2013, pet. denied) ...........................................8


*Tex. Dep't of Transp. v. Kyle*,
No. 04-06-00762-CV, 2007 WL 1346555
(Tex. App.—San Antonio May 9, 2007, pet. denied)...............................................10


*Tex. Workers Comp. Comm'n v. Horton*,
187 S.W.3d 282 (Tex. App.—Beaumont 2006, no pet.) ..........................................10


*Westheimer Indep. Sch. Dist. v. Brockette*,
567 S.W.2d 780 (Tex. 1978)....................................................................................8

## STATE OFFICE OF ADMINISTRATIVE HEARINGS ORDERS[1]

*In the Matter of Ricardo M. Weitz, et al. v. Volkswagen Group of America, Inc., et al.*,  SOAH Docket No. 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.LIC,
Remand Order No. 15 (Jun. 16, 2015).......................................................................4

## RULES

Tex. R. App. P. 29.3..................................................................................................2

Tex. R. Civ. P. 329b.................................................................................................8

---

[1] Proposal for decisions and orders of the State Office of Administrative Hearings are available on the internet at: http://www.soah.state.tx.us/PFDSearch/Search.asp and Westlaw©.

## CONSTITUTIONAL PROVISIONS

Tex. Const. Art. V § 6(a) ........................................................................3

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellees Michael J. O'Malley and Penny A. Wilkov object to Appellants' motion for temporary relief because the ultimate subject matter of the appeal will not be moot if temporary relief does not issue, and Audi's claim for relief lacks merit. SOAH has not committed any *ultra vires* acts, and Audi will have a right to judicial review of any final order issued by the DMV.

## INTRODUCTION

Audi alleges the ALJs violated SOAH procedural Rule 155.153 by accepting a case remanded to them by the Department of Motor Vehicles (DMV). The rule at issue states that an Administrative Law Judge may reopen evidence in a case if the Proposal for Decision (PFD) has not issued. ALJs regularly accept cases remanded to them, and that rule has never been interpreted by SOAH or a court to prevent ALJs from considering cases on remand. The ALJs have not committed *ultra vires* acts, and Audi's claim fails on its face. The trial court rightly granted the Plea to the Jurisdiction.

Additionally, temporary orders are an extraordinary remedy and are not needed or justified in this case. The ultimate subject matter in this case revolves around whether the remand from DMV to SOAH was proper and whether the ALJs properly reopened the evidence on remand. These issues can be raised, if necessary, in a properly filed suit for judicial review under the Administrative Procedure Act

(APA), but before this occurs, the administrative procedure must be permitted to conclude.

## ARGUMENT

### A. TRAP 29.3 is inapplicable to this case.

As a preliminary matter, Audi brings its motion under Rule of Appellate Procedure 29.3.  However, Rule 29.3 does not apply.

Rule of Appellate Procedure 29.3 provides:

> When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security.  But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24.

TEX. R. APP. P. 29.3.

The lower court granted both Defendant Walker's Plea to the Jurisdiction and Defendants O'Malley and Wilkov's Plea to the Jurisdiction, disposing of all parties and claims to the litigation.  C.R. 2030-31.  These orders did not constitute interlocutory orders, but rather final orders.  C.R. 2030-34; 2049.  Therefore, Rule 29.3 does not apply.

**B. The Court's power to issue a Writ of Injunction is circumscribed by the Texas Constitution.**

Despite the inapplicability of Rule 29.3, this Court does possess the authority to issue temporary orders, but the scope of this authority is narrower than that granted to the Courts under the appellate rule. The Texas Constitution limits the Court's inherent authority to issue relief against the parties to a pending appeal. That inherent authority extends only to orders that protect appellate jurisdiction. TEX. CONST. art. V § 6(a); *e.g.*, *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd). This grant of authority does not establish a right on the part of any party, it is within the discretion of the Court. *Madison v. Martinez*, 42 S.W.2d at 86 ("Courts of Civil Appeals and the judges thereof "may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts.""). To the extent the Court seeks to protect its jurisdiction, it may issue writs of injunction, to the parties, and prohibition, to the lower courts.

In this case, while the specific alleged *ultra vires* claim against SOAH may become moot during the pendency of the appeal, the Court will not lose its jurisdiction over the underlying subject matter. This case ultimately involves whether the DMV properly remanded this case to SOAH and whether the ALJs properly accepted the remand. This Court will not lose its ability to make a decision on this issue.

3

The ALJs have already re-opened and re-closed the record, and they will soon issue a new PFD. If Audi is dissatisfied with this PFD and the subsequent actions taken by the DMV, it will have a chance to argue and develop its case through a suit for judicial review in district court under the Administrative Procedure Act. Audi can then argue that the remand was improper. If it is dissatisfied with the actions of the district court, it will once again have the opportunity to appeal to this Court. This Court will, ultimately, have the opportunity to rule on whether the remand was proper.

Although Audi claims this court needs to issue extraordinary relief to preserve its claims that SOAH committed an *ultra vires* act by reopening the record in violation of Rule 155.153, this claim is already moot. Rule 155.153 says:

(a) Judge's authority and duties. The judge shall have the authority and duty to:
    (1) conduct a full, fair, and efficient hearing;
    (2) take action to avoid unnecessary delay in the disposition of the proceeding;
    (3) maintain order; and
    (4) reopen the record when justice requires, if the judge has not issued a dismissal, proposal for decision, or final decision.

1 TEX. ADMIN. CODE § 155.153 (2008) (State Office of Admin. Hearings, Rules of Procedure)

The rule only involves SOAH's ability to *reopen the record*. The record has already been reopened and closed again. State Office of Admin. Hearings, *In the Matter of Ricardo M. Weitz, et al. v. Volkswagen Group of America, Inc., et al.*, SOAH Docket No. 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.LIC, Remand Order No. 15 (Jun. 16, 2015)

4

(remand order closing the record). As the state's waiver of immunity for *ultra vires* claims is limited to prospective injunctive relief, an order declaring this previous act to be *ultra vires* would be retrospective relief, and thus barred by sovereign immunity. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 376 (Tex. 2009).

The larger issue, whether the remand was proper, will not be moot for failure to issue a temporary order. What Audi is really asking for is an injunction preventing SOAH from issuing a second PFD. Audi has failed to plead a proper cause of action for this type of relief.

Therefore, Audi's request for an injunction barring the ALJs from issuing a new PFD is not proper under the constitutional standard. The situations in which the use of such an extraordinary remedy is proper include only those situations in which the Court will not have the ability to rule on the ultimate subject matter without such relief. A writ of injunction is appropriate, for example, to prevent the sale of real property to which a party asserts a present right that will not cease to exist unless and until a court rules on the substance of the lawsuit. *E.g.*, *Mote Res. Inc. v. R.R. Comm'n of Tex.*, 618 S.W.2d 877, 879 (Tex. Civ. App.—Austin 1981, no writ) (issuing appellate injunction for deprivation of title to oil and gas produced under the rule of capture, because property interest in captured minerals would not be extinguished, if at all, until final judgment).

This grant of authority is significantly more constrained than the trial court's authority, in the exercise of plenary jurisdiction, to issue a temporary injunction order preserving the *status quo ante*. *See Baird v. Sam Houston Elec. Coop*, 627 S.W.2d 732, 733-34 (Tex. App.—Houston [1st Dist.] 1981, no writ). The Court lacks authority to issue the writ merely to preserve the parties from alleged harm pending appeal. *Id.*

In the instant case, the effect of the refusal of the district court to grant temporary relief would result only in a delay in having the remand issue considered, leaving the subject matter of the appeal in such a condition that the judgment of this court could effectively operate thereon. Therefore, this Court is without jurisdiction to grant such relief, because its jurisdiction over the subject matter of the appeal would not be invaded by failure to grant the relief. To the extent this Court decides it does have jurisdiction to issue the requested orders, ALJs O'Malley and Wilkov ask this Court to decline to issue an injunction, as Audi will have an opportunity to challenge the remand at a later time.

**C. Audi has little realistic chance of prevailing in its underlying case because its *ultra vires* claims against the SOAH ALJs are meritless.**

To the extent this Court's jurisdiction to enter Audi's requested order is proper, this Court should decline jurisdiction because Audi's underlying claim against the SOAH ALJs is meritless.

An *ultra vires* act occurs when an official acts without constitutional or statutory authority, or in violation of the constitution or a statute. *City of El Paso v. Heinrich,* 284 S.W.3d at 372. Audi claims the SOAH ALJs violated SOAH's Procedural Rule 155.153 by accepting a case remanded to SOAH. Although the ALJs do not dispute that substantive Agency Rules are generally treated like statutes, at least in matters of statutory construction, Audi has pointed to no precedent indicating that violation of a *procedural* rule can -form the basis of an *ultra vires* claim.

SOAH has always interpreted Rule 155.153 to mean its ALJs cannot take new evidence concerning a Proposal for Decision that has already been issued. However, SOAH has also always interpreted Rule 155.153 to allow the taking of additional evidence in a remand proceeding in which a new supplemental or amended Proposal for Decision will be issued. This interpretation can only be an *ultra vires* act if Audi can show that the ALJs' interpretation of this rule is inconsistent with their statutory authority. Audi has made no attempt to do so.

Audi cited no cases holding that Rule 155.153 prevents remands. In fact, the legislature specifically contemplated SOAH evaluating new evidence on remand. (See Tex. Gov't Code § 2001.175(c), which authorizes a district court to order SOAH to consider evidence not already in the record.) The process at SOAH is akin to the process in the court system. If a district court receives a request to reconsider

7

an issue or admit new evidence outside of its plenary power, it cannot do so.  Tex. R. Civ. P. 329b.  However, if a case is remanded by an appellate court to develop the factual record, the trial court again has the ability to admit evidence and make rulings in a case.

Further, an agency is given deference to its interpretation of its own rules.  *Sw. Pharmacy Solutions, Inc. v. Tex. Health and Human Servs. Comm'n*, 408 S.W.3d 549, 561 (Tex. App.—Austin 2013, pet. denied) (citing *R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619, 629 (Tex. 2011)).  It is certainly reasonable for SOAH to interpret its rule in a way that allows it to consider additional evidence in a remand proceeding when asked by an agency or a court.  "Courts generally hold that administrative bodies are entitled to and should exercise the duties and functions conferred by statute without interference from the courts." *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978).

Further, in order to state a claim against the ALJs, not only must the Appellants specifically state a cause of action, they must also demonstrate that the cause of action waives the state's immunity.  "A party who sues the State must have an independent waiver of immunity from suit for each claim in the suit."  *State v. Sledge*, 36 S.W.3d 152, 156 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Texas courts have held that it is not *ultra vires* for an agency to incorrectly interpret the law, thus, a claim based on this allegation will fail to waive sovereign immunity

8

or confer jurisdiction upon the court and may also be held as redundant to a suit for judicial review. *See Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.*, 294 S.W.3d 276, 285 (Tex. App.—Austin 2009, no pet.); *N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 458-59 (Tex. App.—Austin 1992, writ denied) ("The fact that the [agency] might decide 'wrongly' in the eyes of an opposing party does not vitiate the agency's jurisdiction to make an initial decision."); *KEM Tex., Ltd. v. Tex. Dep't of Transp*., No. 03-08-00468-CV, 2009 WL 1811102 (Tex. App.—Austin Jun. 26, 2009, no pet.) (mem. op.). Because Audi has failed to state an *ultra vires* claim, it has also failed to waive the SOAH ALJs entitlement to sovereign immunity.

> In *Hendee v. Dewhurst*, this Court clearly explained this principle, opining:
>
> It is also well-established that where a trial court's jurisdiction depends upon whether a state official's acts are within her constitutional or statutory authority, such as when a plaintiff alleges *ultra vires* action to avoid sovereign immunity, the trial court may sometimes be able to decide the jurisdictional issue as a matter of law based on the pleadings by construing the constitutional and statutory provisions defining the actor's authority and ascertaining whether the acts alleged would exceed that authority.

*Hendee v. Dewhurst*, 228 S.W.3d 354, 368 (Tex. App.—Austin 2007, pet. denied). Audi must plead facts that demonstrate the ALJs acted in contravention of constitutional or statutory authority or failed to perform a ministerial act; suits that seek to control discretionary decisions are barred. *See, e.g.*, *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 10-12 (Tex. 2011) (failure to plead viable constitutional claim

9

bars suit against government entity); *Klumb v. Houston Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 224 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015) (when "plaintiff's constitutional claim is facially invalid, the trial court must grant a . . . plea to the jurisdiction asserting governmental immunity"); *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515-16 (Tex. App.—Austin 2010, no pet.) ("if the plaintiff alleges only facts demonstrating acts within the officer's legal authority and discretion, the claim seeks to control state action, and is barred by sovereign immunity").

And, if the claim is subject to dismissal, it is an improper basis for temporary relief by either the trial court or the court of appeals. The lack of an *ultra vires* act implicates subject-matter jurisdiction over the underlying lawsuit. If a party successfully challenges subject-matter jurisdiction in a temporary injunction proceeding, no temporary relief can issue. *Foster v. Tex. Dep't of Criminal Justice*, 344 S.W.3d 543, 549 (Tex. App.—Austin 2011, pet. denied) (no temporary injunction if underlying claim is barred); *see also Tex. Dep't of Transp. v. Kyle*, No. 04-06-00762-CV, 2007 WL 1346555, at *7 (Tex. App.—San Antonio May 9, 2007, pet. denied) (mem. op.); *Tex. Workers Comp. Comm'n v. Horton*, 187 S.W.3d 282, 290 (Tex. App.—Beaumont 2006, no pet.) Likewise, an appellate court cannot issue interim relief in a case over which it has no jurisdiction.

## CONCLUSION AND PRAYER

For the reasons stated above, SOAH ALJs ask this Court to deny Appellants' motion for temporary relief.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SHELLEY DAHLBERG
Associate Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division
*/s/ Kimberly Fuchs*
KIMBERLY FUCHS
State Bar No. 24044140
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEES, THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF ADMINISTRATIVE HEARINGS

11

## CERTIFICATE OF COMPLIANCE

I certify that the Response submitted by Defendants O'Malley and Wilkov of the State Office of Administrative Hearings complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 2,562. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word 2013.

Date: June 26, 2015

*/s/ Kimberly Fuchs*
KIMBERLY FUCHS
ATTORNEY FOR DEFENDANT
STATE OFFICE OF ADMINISTRATIVE
HEARINGS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant O'Malley and Wilkov's Response to Appellants' Verified Motion for Temporary Relief has been served on June 26, 2015, on the following parties and/or counsel-of-record via electronic transmission, e-mail and/or facsimile:

S. SHAWN STEPHENS
Texas Bar No. 19160060
JAMES P. SULLIVAN
Texas Bar No. 24070702
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
sstephens@kslaw.com
jsullivan@kslaw.com

J. BRUCE BENNETT
State Bar No. 02145500
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: (512) 322-0011
Facsimile: (512) 322-0808
jbb.chblaw@sbcglobal.net

BILLY M. DONLEY
State Bar No. 05977085
MARK E. SMITH
State Bar No. 24070639
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 751-1600
Facsimile:   (713) 751-1717
bdonley@bakerlaw.com
mesmith@bakerlaw.com

*Attorneys for Appellants*
*Volkswagen Group of Americas, Inc.*
*and Audi of America, Inc.*

JOSEPH W. LETZER
State Bar No. 24030763
DENT M. MORTON
State Bar No. 24056645
Burr & Forman, LLP
420 20TH Street N, Suite 3400
Birmingham, AL 35203-5210
Telephone: (205) 251-3000
Facsimile:  (205) 458-5100
jletzer@burr.com
dmorton@burr.com

*Attorneys for Appellees*
*Ricardo M. Weitz, Hi Tech Imports North,*
*LLC, Hi Tech Imports South, LLC, and*
*Hi Tech Imports, LLC*

WILLIAM. R. CROCKER
State Bar No. 5091000
Attorney at Law
807 Brazos, Ste 1014
Austin, Texas 78701
P.O. Box 1418
Austin, Texas 78767
Telephone:  (512) 478-5611
Facsimile:   (512) 474-2540
crockerlaw@earthlink.net

*Attorney for Appellee*
*Budget Leasing, Inc. d/b/a*
*Audi North Austin and*
*Audi South Austin*

DENNIS McKINNEY
State Bar No. 13719300
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4020
Facsimile:  (512) 320-0167
dennis.mckinney@texasattorneygeneral.gov

*Attorney for Appellee*
*John Walker III, in his official capacity as*
*Chairman of the Texas Department of*
*Motor Vehicles Board*

*/s/ Kimberly Fuchs*
KIMBERLY FUCHS
ATTORNEY FOR APPELLEES
SOAH ADMINISTRATIVE LAW JUDGES
O'MALLEY AND WILKOV

13